UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - -'- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

UNITED STATES OF AMERICA                    :

                                            :        CONSENT PRELIMINARY ORDER
            - v. -                          :        OF FORFEITURE AS TO SPECIFIC
                                            :        PROPERTY AS TO
LENNY OQUENDO,                              :        SPECIFIC PROPERTY

                                            :
            Defendant.                      :        18 Cr. 790 (PGG)

                                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

WHEREAS, on or about October 30, 2018, LENNY OQUENDO (the "Defendant") was charged in a three-count Indictment, 18 Cr. 790 (PGG) (the "Indictment") with Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951 (Count One), conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951 (Count Two), and use, carrying, and possession of a firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2 (Count Three);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c) of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One and Two of the Indictment, including but not limited to property traceable to the commission of the offense charged in Count One and Two of the Indictment that the Defendant personally obtained;

WHEREAS, on or about May 23, 2019, the Defendant pled guilty to Count Three, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two of the Indictment and agreed to forfeit, pursuant to

Title 18, United States Code, Section 981(a)(l)(c), and Title 28, United States Code, Section 2461(c), the following property:

1.   Jewelry, referenced in NYPD invoices 2000815966 and 2000815947, (collectively, the "Specific Property");

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorney, Kyle Wirshba of counsel, and the Defendant, and his counsel, Sylvie Jill Levine, Esq., that:

1.      As a result of the offenses charged in Count One and Two of the Indictment, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, LENNY OQUENDO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.     Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10.     The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property to Assistant United States Attorney Alexander J. Wilson, Chief of the Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, One Saint Andrews Plaza, New York, New York 10007.

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

11.     The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.


AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____          12/2/19
       Kyle Wirshba                                             DATE
       Assistant United States Attorney
       One Saint Andrews Plaza
       New York, NY 10007
       (212)637-2493


LENNY OQUENDO

By: _____          12.2.19
       LENNY OQUENDO                                     DATE

By: _____          12.2.19
       Sylvie Jill Levine                                       DATE


SO ORDERED:

_____          Dec 2, 2019
HONORABLE PAUL G. GARDEPHE             DATE
UNITED STATES DISTRICT JUDGE